UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALLIS R. SISCO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>STANISLAUS COUNTY SHERIFF'S DEPARTMENT,<br><br>　　　　　Respondent. | Case No.: 1:20-cv-00947-JLT (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION<br><br>[THIRTY-DAY OBJECTION DEADLINE] |

On May 28, 2020, Petitioner filed a motion for compassionate release. (Doc. 1.) On June 15, 2020, this Court denied the motion without prejudice and granted Petitioner thirty days to file a petition that complies with the requirements of the Rules Governing Section 2254 Cases. (Doc. 4.) On June 24, 2020, Petitioner filed the instant petition for writ of habeas corpus. (Doc. 5.) For the following reasons, the Court will recommend it be SUMMARILY DISMISSED without prejudice.

**DISCUSSION**

A.　Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory

1

Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

B.     Failure to Name a Proper Respondent

Petitioner fails to name the proper respondent. A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2(a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also Stanley, 21 F.3d at 360. However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. Id. Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976).

C.     Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504

U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Petitioner does not state whether he filed an appeal in the California Court of Appeal. It appears he has not filed any other state court actions. Because it appears Petitioner has not presented his claims for federal relief to the California Supreme Court, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The Court cannot consider a petition that is unexhausted. Rose v. Lundy, 455 U.S. 509, 521-22 (1982). Therefore, the petition must be dismissed for lack of exhaustion.

D.      Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

To succeed in a petition pursuant to 28 U.S.C. § 2254, the petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2). In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

> (1) Specify all the grounds for relief available to the petitioner;
> (2) State the facts supporting each ground;
> (3) State the relief requested;
> (4) Be printed, typewritten, or legibly handwritten; and
> (5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

A petition for writ of habeas corpus must specify the grounds for relief as well as the facts

3

supporting each ground. Rule 2(c) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 2254. The petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); United States v. Popoola, 881 F.2d 811, 812 (9th Cir. 1989). Each ground for relief must be clearly stated and allege what federal constitutional violation has occurred, along with providing facts that support the grounds for relief.

The petitioner seeks compassionate release due to the COVID-19 pandemic. (See Doc. 5.) He states that it is dangerous for him to be in the jail because he is elderly, "61 years old with bad health conditions." (Doc. 5 at 4.) The petitioner alleges that the "Stanislaus County Jail has not provided us inmates with masks and the sheriffs deputies that work in the jail do not wear masks, [and] there is also no social distancing." (Id.)

On March 27, 2020, the President signed into law the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), P.L. 116-136, 134 Stat 281. The CARES Act provides, in part, home confinement authority to the Bureau of Prisons during the period beginning on the date on which the President declared a national emergency under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the COVID-19 pandemic, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau. The CARES Act, § 12003(b)(2). In a memorandum dated March 26, 2020, U.S. Attorney General William Barr directed the federal Bureau of Prisons ("BOP") to identify suitable inmates for home confinement with COVID-19 risk factors to minimize the risk of inmates' health due to the ongoing COVID-19 pandemic. Off. of the Att'y Gen., Mem. for Dir. of Bureau Prisons, *Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic* (March 26, 2020), https://www.justice.gov/coronavirus; see also Off. of the Att'y Gen. Mem., Mem. for Dir. of Bureau Prisons, *Increasing Use of Home Confinement at Institutions Most Affected by COVID-19* (April 3, 2020), https://www.justice.gov/coronavirus. However, this form of relief through the CARES Act is available to *federal* prisoners incarcerated at Bureau of Prisons facilities, of which petitioner is not.

Moreover, federal habeas corpus relief is available only for challenges to the duration or legality of a prisoner's confinement. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Although petitioner's request argues the current prison conditions expose him to a higher risk of harm due to

4

potential exposure to COVID-19, petitioner's request relates to the conditions of petitioner's confinement and accordingly is more appropriately brought pursuant to 42 U.S.C. § 1983. Bowman v. California, No. EDCV 19-00184 RGK (RAO), 2019 WL 4740538, at *1-2 (C.D. Cal. June 26, 2019) (Petitioner's request for release from custody based on jail conditions through a habeas petition was dismissed for failure to state a cognizable federal claim. Claims relating to conditions of confinement for state prisoners are more appropriately brought under 42 U.S.C. § 1983 even though petitioner also requested release from custody as a form of relief).[1]

Finally, although petitioner does not petition to be released under 28 U.S.C. § 2254 case law authorizing release in extraordinary cases, the Court will liberally construe petitioner's request in this respect. While such release has been authorized *after* a decision on the merits in district court and pending appeal, see Marino v. Vasquez, 812 F.2d 499 F.2d (9th Cir. 1977), release *prior to* the finality of a district court decision is problematic in that certain courts have found that specific, binding authority for such a proposition is absent for such release, and some have found it available. See Kerestesy v. California, No. 2:15-cv-0545 MCE AC P, 2017 WL 735736 (E.D. Cal. Feb. 24, 2017); United States v. Carreira, No. CR 06-00561 DKW, 2016 WL 1047995 (D. Haw. Mar. 10, 2016); Hall v. Superior Court, No. C 09-5299 PJH, 2010 WL 890044 (N.D. Cal. Mar. 8, 2010). The Court is reluctant to hold that release on bail or conditions in habeas pre-decision context is never appropriate especially in light of Marino v. Vasquez, 812 F.2d 499, 508 (9th Cir. 1987), which found that district courts do indeed have authority to release a petitioner pending appeal of a habeas decision albeit pursuant to Fed. R. App. P. 23. See also Lands v. Deeds, 878 F.2d 318 (9th Cir. 1989), simply stating in a *pre-decisional non-release determination* by a district court: "Bail pending a decision in a habeas case is reserved for extraordinary cases. . ."; In re Roe, 257 F.3d 1077 (9th Cir. 2001) assuming the pre-decisional authority of release by a district court citing conflicting out-of-circuit authority. Thus, the Court will assume that such pre-decisional release in habeas is possible in extraordinary cases under the conditions outlined for release pending appeal.

---

[1] The pendency of civil rights actions (now) involving COVID-19, such as the Coleman v. Newsome, 2:90-cv-0520 KJM DB (E.D. Cal.)/Plata v. Newsome, 01-cv-01351 JST (N.D. Cal.) class action, is the appropriate forum to address conditions of confinement.

The conditions applicable to release of a habeas petitioner are muddled. The early case which is generally seen to have authorized bail/conditions release in habeas corpus clearly held that a conjunctive standard, high probability of success *and* extraordinary circumstances is applicable. Aronson v. May, 85 S.Ct. 3 (1964) (per Justice Douglas). However, in Lands v. Deeds, supra, the standard was stated as *either* high probability of success *or* extraordinary circumstances. Perhaps, conjunctive or disjunctive standards in the usual release pending appeal situation are of little import--because a district court is rarely, if ever, going to authorize release in a habeas case after an unfavorable-to-petitioner ruling. It becomes more of a problem when the context is pre-decisional release in the district court. In re Roe, supra, 257 F.3d at 1080, considered probability of success as an important factor *within* the general extraordinary circumstances analysis. The Court will do no less than In re Roe.

Furthermore, although the COVID-19 situation is an extraordinary one for the population at large in this country, including prisoners, and without diminishing in the least the fact that petitioner is part of an especially at-risk COVID-19 population, petitioner has not shown that prison authorities are unable or unwilling to address this serious problem within prisons, or that petitioner is unable to take the general, protective measures applicable to all as of yet unafflicted persons, i.e., wash hands frequently, avoid touching the face and so forth. Moreover, prison authorities may be able to isolate highly at-risk prisoners, such as petitioner, more easily than isolation or "social distancing" is achieved in the general population, e.g., housing in administrative segregation, partial lockdowns or transfers. Prisons are certainly able to order their afflicted employees to stay at home, and can probably, more easily find testing opportunities for their essential employees than is yet possible for the general population. Finally, prison and state officials are more likely to know who may be best subject to compassionate release under state laws than this Court.

**ORDER**

The Court DIRECTS the Clerk of Court to assign a district judge to the case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the habeas corpus petition be SUMMARILY DISMISSED without prejudice for lack of jurisdiction.

6

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty days after being served with a copy, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 9, 2020**                              **/s/ Jennifer L. Thurston**
                                                                         UNITED STATES MAGISTRATE JUDGE